[Cite as *State v. Nellons*, 2013-Ohio-1237.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-35 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-0096 |
| v. | : | |
| | : | |
| GUYNELL L. NELLONS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608,Sjpringfield, Ohio 45501
        Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. #0066964, Kollin & Wilkins, PLL, 2661 Common Boulevard, Suite 214, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Guynell Nellons appeals from his conviction and sentence on one count of robbery, a third-degree felony.

{¶ 2} In two related assignments of error, Nellons challenges the legal sufficiency and manifest weight of the evidence to support his conviction.

{¶ 3} The evidence at trial established that Nellons entered a Yellow Springs paint store and demanded money. According to store owner Brian Oliver, Nellons approached the counter and said, "Let's make this simple. This is a burglary. If you want things to go smooth, give me the cash." (Trial Tr. at 108). Oliver responded by taking eighty-three dollars from a cash drawer and giving Nellons the money. (*Id*. at 101). On cross examination, Oliver acknowledged that Nellons remained "calm" throughout the incident. (*Id*. at 107). Nellons never displayed or expressly threatened the use of any weapon. (*Id*. at 112). He never used force or made any threatening gestures. (*Id*. at 112-114). After receiving the money, Nellons turned and walked out. (*Id*. at 112). He was apprehended a short time later and admitted taking the money. (*Id*. at 92-93).

{¶ 4} Based on the foregoing events, a jury found Nellons guilty of robbery in violation of R.C. 2911.02(A)(3), which provides: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." The trial court imposed a two-year prison sentence. This appeal followed.

{¶ 5} Nellons's two assignments of error challenge the legal sufficiency and manifest weight of the evidence to support a finding that he used or threatened the immediate use of force when he took the money from Oliver. Because Nellons admittedly did not use force, the issue before us is whether he threatened the immediate use of force within the meaning of R.C. 2911.02(A)(3).

{¶ 6} When a defendant challenges the sufficiency of the evidence, he is arguing

that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 7}    Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 8}    With the foregoing standards in mind, we conclude that Nellons's robbery conviction is supported by legally sufficient evidence and is not against the weight of the evidence. "The requirement of using or threatening the immediate use of force against another

is satisfied if 'the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.' * * * This is an objective, rather than a subjective test, and depends on the totality of the circumstances." (Citations omitted.) *State v. Brooks*, 2d Dist. Montgomery No. 21531, 2007-Ohio-1029, ¶24. A threat of the immediate use of force need not be explicit. It may be implied. *State v. Fausnaugh*, 10th Dist. Franklin Nos. 11AP-842, 11AP-843, 2012-Ohio-4414, ¶27.

{¶ 9} Here the jury reasonably could have found that Nellons threatened the immediate use of force when he told Oliver, "This is a burglary. If you want things to go smooth, give me the cash." This statement implied that things would not go smoothly if Oliver did not cooperate, which reasonably could be construed as a threat of the immediate use of force. Oliver testified that he perceived the statement as such a threat and that he was worried about his safety when he surrendered the money. (Trial Tr. at 115-117). Although Nellons stresses that his demeanor and tone of voice remained "calm" throughout the incident, his words themselves conveyed an implied threat of the immediate use of force if Oliver refused to cooperate.

{¶ 10} Having reviewed the record, we believe a rational trier of fact could have found Nellons guilty of robbery under R.C. 2911.02(A)(3). The evidence does not weigh heavily against his conviction. His two assignments of error are overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Lisa M. Fannin
Thomas M. Kollin
Hon. Richard J. O'Neill